IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

     v.                                          No. 16-00926-JAP-GBW
                                                No. 12-CR-00529-JAP

VERONICA ANGUIANO,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

       This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Veronica Anguiano's Motion For Minor Role Adjustment And Sentence Reduction Based On United States v. Quintero-Leyva And Pursuant To Amendment 794 And 28 U.S.C. § 2255, filed on August 9, 2016. [CV Doc. 1; CR Doc. 107]   For the reasons explained below, the Court concludes that Defendant's § 2255 motion is untimely under § 2255(f) and, therefore, Defendant's § 2255 motion will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

**I.      BACKGROUND**

       Defendant was charged by Indictment with:   (1) Count 1—conspiracy to possess with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. § 846; and (2) Count 2—possession with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2.   [CR Doc. 30]   Pursuant to

a plea agreement, Defendant plead guilty to Count 2 of the Indictment charging her with possession with intent to distribute 500 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. [CR Doc. 73] Additionally, Defendant agreed to waive "the right to appeal the Defendant's conviction(s) and any sentence and fine within or below the applicable advisory guideline range as determined by the Court" and to waive "any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering" the plea agreement or waiver. [CR Doc. 73 at 7]

The Court accepted Defendant's guilty plea and the plea agreement and sentenced Defendant to 96 months of imprisonment in the custody of the Bureau of Prisons and 15 years of unsupervised release. [CR Docs. 86, 87] The Court rendered judgment on Defendant's conviction and sentence on July 15, 2013, followed by an amended judgment on July 26, 2013. [CR Doc. 87, 88] Defendant did not file a notice of appeal.

On August 9, 2016, Defendant filed the present Motion For Minor Role Adjustment And Sentence Reduction Based On United States v. Quintero-Leyva And Pursuant To Amendment 794 And 28 U.S.C. § 2255. In her motion, Defendant seeks a reduction of her sentence pursuant to Amendment 794 of the United States Sentencing Guidelines (U.S.S.G.), which amended the commentary to U.S.S.G. § 3B1.2 to provide "additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." *See United States Sentencing Guidelines Manual*, Supplement to Appendix C, Amend. 794 (2016). Specifically, the amendment "provides a non-exhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so, the amount of the adjustment." *Id.* Pursuant to these

factors, and the holding of the United States Court of Appeals for the Ninth Circuit in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Defendant contends that she was "not as culpable as the other participants in the criminal activity" and requests "the proper reduction and resentence accordingly."  [CV Doc. 1 at 4; CR Doc. 107 at 4]

## II.   DISCUSSION

As a preliminary matter, the Court will consider the timeliness of Defendant's § 2255 motion.  *See United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (noting that "federal district courts are 'permitted, but not obliged' to review, *sua sponte*, a *federal* prisoner's § 2255 motion to determine whether it has been timely filed") (unpublished) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).

### A.   *Timeliness of Defendant's § 2255 Motion*

Title 28 of the United States Code, section 2255(f)(3) imposes a "1-year period of limitation" on § 2255 motions, which begins to run on the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(3).  Defendant did not appeal the judgment of conviction and, therefore, it became final on August 9, 2013—fourteen days after entry of the amended judgment.  *See United States v.*

3

*Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment"). Because Defendant's § 2255 motion was not filed within one year of the date on which her judgment of conviction became final, it is untimely under § 2255(f)(1).

Defendant contends that her motion was timely filed because "no relief based on the clarifying amendment was available until the amendment became effective on November 1, 2015." [CV Doc. 1 at 1; CR Doc. 107 at 1] Defendant's contention implicates subsections (3) and (4) of § 2255(f) and, therefore, the Court will address the applicability of each of these subsections to Defendant's § 2255 motion.

Subsection (3) of § 2255(f) provides that the one-year statute of limitation may begin to run on "the date on which the right asserted was initially recognized *by the Supreme Court*, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3) (emphasis added). Amendment 794 is a clarifying amendment promulgated by the United States Sentencing Commission, rather than a new substantive right recognized by the Supreme Court. Therefore, § 2255(f)(3) is inapplicable to Defendant's § 2255 motion. *See United States v. Trintidia*, No. CR-11-138-D, CIV-16-944-D, 2016 WL 4468263, at *2 (W.D. Oklahoma August 24, 2016) (holding that § 2255(f)(3) "does not apply" to the defendant's request for sentencing relief under Amendment 794 because the defendant "does not assert a right newly recognized by the Supreme Court") (unpublished).

Subsection (4) of § 2255(f) provides that the one-year statute of limitation may be begin to

4

run on "the date on which *the facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4) (emphasis added). "A change or clarification of controlling law is not a 'fact' within the meaning of § 2255(f)(4)." *United States v. Harrison*, No. 16-5167, 2017 WL 710426, at *2 (10th Cir. February 23, 2017) (unpublished). Therefore, "Amendment 794 to the sentencing guidelines is not a 'fact' relating to [the defendant's] criminal history and does not otherwise allow her to invoke § 2255(f)(4)." *Id.* Accordingly, § 2255(f)(4) is inapplicable to Defendant's § 2255 motion.

In light of the foregoing, the Court concludes that Defendant's § 2255 motion was not timely filed under § 2255(f).[1] *United States v. Quintero-Leyva* is not inconsistent with this conclusion, since that case involved a direct criminal appeal and the United States Court of Appeals for the Ninth Circuit explicitly declined to decide whether a defendant "can move to reopen sentencing proceedings" via a § 2255 motion. *Quintero-Leyva*, 823 F.3d at 521 n.1. Therefore, Defendant's § 2255 motion is time-barred.

### B.     *Whether to Recharacterize Defendant's § 2255 Motion as a § 3582 Motion*

Having determined that Defendant's § 2255 motion is time-barred, the Court next will consider whether to recharacterize Defendant's § 2255 motion as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Pursuant to § 3582(c)(2), a district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] Because Defendant's § 2255 motion was not timely filed, the Court need not reach the question of whether it is barred by the collateral attack waiver in the plea agreement.

lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

According to the United States Sentencing Commission, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2)" unless the amendment is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(2)(A).  Amendment 794, which altered the commentary to § 3B1.2 regarding application of the mitigating role adjustment, is not listed under § 1B1.10(d) and, therefore, cannot be applied retroactively to reduce a defendant's sentence under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(d); *see also United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993) (holding that, if an amendment to the U.S.S.G. is not listed as a retroactive amendment under § 1B1.10(d), then it "cannot be applied retroactively and it may not serve as a basis on which to reduce [a defendant's] sentence" under § 3582) (per curiam); *United States v. Fouse*, No. 13-CR-0108-001-CVE, 2016 WL 4516066, at *2 (N.D. Oklahoma August 29, 2016) ("Amendment 794 is not listed in the amendments covered by the policy statement, therefore, the Amendment cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence" under § 3582(c)(2)).  Because sentencing relief is not available to Defendant under § 3582(c)(2), the Court declines to recharacterize Defendant's § 2255 motion as a § 3582 motion.

### C.   *A Certificate of Appealability Will Be Denied*

For the reasons explained above, the Court determines, under rule 11(a) of the Rules

Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that she has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Therefore, the Court will deny a certificate of appealability.

### III.   CONCLUSION

Defendant's § 2255 motion is untimely under § 2255(f) and, therefore, it will be dismissed with prejudice, a certificate of appealability will be denied, and judgment will be entered.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Minor Role Adjustment And Sentence Reduction Based On United States v. Quintero-Leyva And Pursuant To Amendment 794 And 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 107] is **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE